Plaintiff designates
Bronx County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at
2115 Ryer Ave., Apt. 32A
Bronx, New York 10457

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
SHATIA SIMMONS,

                          Plaintiff,                  **SUMMONS**

    -against-

WAL-MART STORES, INC., WAL-MART STORES,
INC. d/b/a SAM'S CLUB, SAM'S REAL ESTATE
BUSINESS TRUST and SAM'S CLUB,

                          Defendants.
------------------------------------------------------------------X

To the above-named defendants:

     YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                                **SOBO & SOBO, LLP**

                                                _/s/ John Mazzaro_

                                                John Mazzaro, Esq.
                                                Attorneys for Plaintiff
                                                One Dolson Avenue
                                                Middletown, NY 10940
                                                (845) 343-7626

Dated: January 15, 2021
         Middletown, New York

Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
SHATIA SIMMONS,

                      Plaintiff,                        **VERIFIED COMPLAINT**

  -against-

WAL-MART STORES, INC., WAL-MART STORES,
INC. d/b/a SAM'S CLUB, SAM'S REAL ESTATE
BUSINESS TRUST and SAM'S CLUB,

                      Defendants.
------------------------------------------------------------------X

Plaintiff, SHATIA SIMMONS, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

1. That at all times hereinafter mentioned, the Plaintiff, SHATIA SIMMONS, was and still is a resident of the County of Bronx, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the efendant, WAL-MART STORES, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., was a still is a business entity doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, was and still is a foreign corporation duly authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, was a still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, was and still is a foreign corporation duly authorized to do business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, was a still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, was and still is a foreign corporation duly authorized to do business within the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, was a still is a business entity doing business within the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., was the owner of a certain premises located at 333 Saw Mill River Road, Elmsford, County of Westchester, State of New York, known as "Sam's Club."

15. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., maintained the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., managed the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., controlled the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., operated the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., was the lessee of the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC., was the lessor of the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, was the owner of a certain premises located at 333 Saw Mill River Road, Elmsford, County of Westchester, State of New York, known as "Sam's Club."

22. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, maintained the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, managed the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, controlled the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, operated the aforesaid premises.

26. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, was the lessee of the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. d/b/a SAM'S CLUB, was the lessor of the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, was the owner of a certain premises located at 333 Saw Mill River Road, Elmsford, County of Westchester, State of New York, known as "Sam's Club."

29. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, maintained the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, managed the aforesaid premises.

31. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, controlled the aforesaid premises.

32. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, operated the aforesaid premises.

33. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, was the lessee of the aforesaid premises.

34. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S REAL ESTATE BUSINESS TRUST, was the lessor of the aforesaid premises.

35. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, was the owner of a certain premises located at 333 Saw Mill River Road, Elmsford, County of Westchester, State of New York, known as "Sam's Club."

36. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, maintained the aforesaid premises.

37. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, managed the aforesaid premises.

38. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, controlled the aforesaid premises.

39. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, operated the aforesaid premises.

40. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, was the lessee of the aforesaid premises.

41. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB, was the lessor of the aforesaid premises.

42. That at all times hereinafter mentioned, aisleway between the bakery department and meat department, located on the aforesaid premises was the situs of the within accident.

43. That on or about the 4th day of March, 2020, while this Plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

44. The negligent, wanton, reckless and careless acts of the Defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

45. That the Defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in allowing rotisserie chicken grease to accumulate on the floor; in acting with reckless disregard for the safety of others, and the Defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

46. That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the Defendants could have and should have had knowledge and notice thereof and further, the Defendants, their agents, servants and/or employees created said condition.

47. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

48. That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further

was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

49. That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: January 15, 2021
        Middletown, New York

                                              John Mazzaro, Esq.
                                              SOBO & SOBO, LLP
                                              Attorneys for Plaintiff
                                              One Dolson Avenue
                                              Middletown, NY 10940
                                              (845) 343-7626

TO:    WAL-MART STORES, INC.
         C/o Secretary of State

TO:    WAL-MART STORES, INC.
         d/b/a SAM'S CLUB
         C/o Secretary of State

TO:    SAM'S REAL ESTATE BUSINESS TRUST
          C/o Secretary of State

TO:    SAM'S CLUB
          C/o Defendant in Person
          333 Saw Mill River Road
          Elmsford, New York 10523

# VERIFICATION

STATE OF NEW YORK,
COUNTY OF BRONX       ss:

SHATIA SIMMONS, being duly sworn says; I am the Plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
SHATIA SIMMONS

Sworn to before me on this

_January 13_____, 2021

_____
NOTARY PUBLIC

FRANK J. ARRIETA
Notary Public, State of New York
No. 41-4865130
Qualified in Westchester County
Commission Expires May 22, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Bronx
---------------------------------------------------------------x
Shatia Simmons,

                      Plaintiff/Petitioner,

          -against-                       Index No. 800643/2021E

Wal-Mart Stores, Inc., Wal-Mart Stores, Inc. d/b/a Sam's Club, Sam's Real Estate Business Trust and Sam's Club
                     Defendant/Respondent.
---------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

    - serving and filing your documents electronically

    - free access to view and print your e-filed documents

    - limiting your number of trips to the courthouse

    - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 1/15/2021

Name: John Mazzaco, Esq.
Firm Name: Sobo + Sobo, LLP

Address: One Dolson Ave.
Middletown, NY 10940

Phone: 845-343-7626

E-Mail: efile@sobolaw.com

To: Wal-Mart Stores, Inc.
c/o Secretary of State

To: Sam's Real Estate Business Trust
c/o Secretary of State

To: Wal-Mart Stores, Inc.
d/b/a Sam's Club
c/o Secretary of State

To: Sam's Club
333 Saw Mill River Rd.
Elmsford, NY 10523

2/24/20

Index # 800643/2021E    Page 2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

SHATIA SIMMONS,

        Plaintiff,

   -against-

WAL-MART STORES, INC., WAL-MART STORES, INC. D/B/A SAM'S CLUB, SAM'S REAL ESTATE BUSINESS TRUST AND SAM'S CLUB,

        Defendants.

-------------------------------------------------------------------X

**Index No.: 800643/2021E**

**VERIFIED ANSWER**

        The defendant, SAM'S EAST, INC. I/S/H/A "WAL-MART STORES, INC., WAL-MART STORES INC. D/B/A SAM'S CLUB, SAM'S REAL ESTATE BUSINESS TRUST, AND SAM'S CLUB", by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

        1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

        2: Defendant denies the allegations set forth in paragraph marked "2" except admits that SAM'S EAST, INC. is a foreign corporation registered to do and doing business in the State of New York.

        3: Defendant denies the allegations set forth in paragraphs marked "3", "4", "5", "6", "7", "8", "9", "10", "11", "12" and "13" except admits that SAM'S EAST, INC. is a foreign corporation registered to do and doing business in the State of New York.

        4: Defendant denies the allegations set forth in paragraphs marked "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40" and "41" except admits that

SAM'S EAST, INC. is the sublessee of that portion of the premises comprising the Elmsford Sam's Club and is the operator of the Elmsford Sam's Club, leaving all questions of fact to the jury and all questions of law to the court.

5: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "42" and "43" and each and every part thereof.

6: Defendant denies the allegations set forth in paragraphs marked "44", "45" and "46" and each and every part thereof.

7: Defendant denies the allegation set forth in paragraph marked "47" and refers all questions of law to the trial court.

8: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "48" and "49" and each and every part thereof.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

9: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

12: AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13: To the extent that plaintiff was an employee or special employee of the defendant, SAM'S EAST, INC., her claim in this matter is barred by her acceptance of Workers' Compensation Benefits.

WHEREFORE, defendant, SAM'S EAST, INC. I/S/H/A "WAL-MART STORES, INC., WAL-MART STORES INC. D/B/A SAM'S CLUB, SAM'S REAL ESTATE BUSINESS TRUST, AND SAM'S CLUB", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       March 08, 2021

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York  11768
(631) 261-7778
File No.: WM 21-201 PC

TO: SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York  10940
(845) 343-7626

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
        March 08, 2021

_____
PATRICIA A. O'CONNOR