**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SHATIA SIMMONS,

                        Plaintiff,

      -against-

WAL-MART STORES, INC., *et al.*,

                       Defendants.
------------------------------------------------------------------X

**ORDER**

**21-CV-6791 (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      This case has been scheduled to proceed to jury trial on **Monday, January 9, 2023** at **9:30 A.M.**  Accordingly, IT IS ORDERED that the following procedures shall govern the jury trial in this matter:

1. <u>Prior to Trial</u>

    a. The parties shall submit a Joint Pretrial Order in compliance with Section IV.A. of this Court's Individual Practices on or before **Friday, November 18, 2022**.  The proposed Joint Pretrial Order shall be signed by all parties and include the following:

    b. The full caption of the action;

    c. The name, address, telephone number and email of each principal member of the trial team;

    d. A list of each claim and defense that will be tried and identification of the governing law (including applicable regulations) governing each such claim and defense;

    e. If applicable, a list of any claims and defenses asserted in the pleadings that are not to be tried;

    f. A list by each party of its trial witnesses that it, in good faith, expects to present, with an indication of whether the witnesses will testify in person or by deposition and the general subject area of the witness's testimony and anticipated length of time needed for each witness;

    g. A statement as to how and when the parties will give notice to each other of the order of their trial witnesses and, if the parties cannot agree, the parties' statement that they will agree to the Court's default rule (*i.e.* that the parties shall advise each other by no later than 48 hours before the start of trial as to the order of their witnesses);

    h. A list by each party of exhibits that it, in good faith, expects to offer in its case in chief, together with any specific objections thereto;

    i. All stipulations or statements of fact or law on which the parties have agreed;

    j. A proposed schedule by which the parties will exchange demonstratives that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections, and notify the Court of any remaining disputes;

    k. The estimated length of trial; and

    l. All other matters that the Court may have ordered or that the parties believe are important to the efficient conduct of the trial, such as bifurcation or sequencing of issues to be tried, anticipated *in limine* motions, and any technology needed for trial.

2. On or before **Friday, December 9, 2022**, each party shall submit any applications for rulings *in limine*, proposed *voir dire* questions, proposed verdict forms, as well as the joint requests to charge.

    i. Each party must serve on each other party and file with the Court its proposed *voir dire* and verdict form. Prior to service and filing of the proposed *voir dire* and verdict forms, counsel must provide copies to opposing counsel for inspection and noting of objection and

    ii. The parties must file a single document captioned "Joint Requests to Charge" which must include the full text of all of their proposed jury instructions, with source citations. If the parties are not in agreement on a particular charge, the disputed language must be highlighted and any counterproposal(s) presented together with the disputed section. Disputed language must be accompanied by a brief explanation of the objection(s), with citations to the relevant legal authority.

    b. On or before **Friday, December 16, 2022**, the parties shall deliver to the Court (with a copy to their adversary) a binder or binders containing:

        i. an index of that party's proposed exhibits (by number or letter) and, following each listed exhibit, a title of the exhibit, followed by a notation indicating whether the other party has made an objection to that exhibit and on what basis;

        ii. a copy of each of the party's proposed exhibits ordered sequentially;

        iii. following the exhibits, a copy of any deposition testimony the party intends to offer in its case in chief (*i.e.* not for impeachment); and,

        iv. copies of any charts or other demonstrative evidence the party intends to display at trial. If a document is too bulky to be placed into the binder, it may be submitted separately in an unsealed envelope or redweld marked with the exhibit number, or on a disk.

    The parties shall add page numbers to any exhibit of more than 5 pages that does not already contain page numbers.
    Note: No exhibit is in evidence unless it is offered at trial and admitted into evidence by the Court.

3. **To provide the described materials by the above due date, the parties must cooperate in the preparation of these materials and <u>their preparation must begin well in advance of the due date</u>**. In the rare event that a lack of cooperation makes a joint submission impossible, each party is required to submit its own proposals separately on the due date. The Court will thereafter issue an appropriate sanction to the party or parties that it determines failed to cooperate.

    Extensions off the due dates are granted only in instances where there has been an unforeseeable emergency. The parties are warned that their failure to comply with this order may result in sanctions, including but not limited to dismissal, judgment by default, a monetary sanction, or contempt.

4. <u>Summary of filing procedures</u>:

    a. The following document shall be filed on ECF:
        i. Proposed Joint Pretrial Order.

   ii. Trial Memorandum of Law (if any).[1]

 b. The following items shall be sent to Chambers without filing:
   i. The binder described in paragraph 1.c.
   ii. copies of any expert witness declarations or affidavits.

5. <u>Conduct of Trial</u>

   a. Trial in this case is set to begin on **Monday, January 9, 2023 at 9:30 A.M.**, continuing to Friday, January 13, 2023, if necessary. On the first day of trial, counsel must arrive at 9:30 A.M. in Courtroom 228, 40 Foley Square. Plaintiff's first witness on the first trial day must be ready to testify at that time. On all subsequent days, counsel must arrive at the time directed by the Court. If at any time an emergency prevents counsel's prompt attendance, counsel should call Chambers immediately at (212) 805-0244.

   b. When a party's case commences, that party is expected to have witnesses available <u>to fill the trial day</u> as described in the preceding paragraph. Counsel are warned that if they do not have a witness available to testify at any point during the trial day, <u>the Court may deem the party to have rested</u>. Any requests to schedule a witness out of order or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior to trial and (2) as soon as counsel is aware (or should have been aware) of the limited availability of that witness. Untimely applications will be denied. Counsel are expected to be diligent in inquiring as to the availability of all witnesses (including expert witnesses) to ensure compliance with this paragraph.

   c. The Court will accept brief opening statements unless neither party desires to make such a statement.

   d. Speaking objections are prohibited. Counsel shall say the word "objection" followed by a brief word or phrase to indicate the nature of the objection (for example, "objection, hearsay" or "objection, Rule 403"). The Court will not normally conduct a sidebar during the trial. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court outside the presence of the witness — normally in advance of the witness's testimony.

---

[1] If these items are not filed in a text searchable format on ECF, they must be submitted to Chambers in such a format on a CD, or via e-mail to the Chambers inbox at WillisNYSDChambers@nysd.uscourts.gov.

    e. Only one counsel may question a particular witness or address the Court with respect to that witness, including making objections to opposing counsel's examination of that witness. No witness (or other party) shall be referred to by first name unless that witness is a minor.

    f. Deposition testimony offered in lieu of live testimony will not be read aloud.

    g. Defendants' counsel will give a closing argument first, followed by Plaintiffs' counsel. The Court may ask questions of counsel during such arguments.

    h. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk of Court is not responsible for them.

    i. If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter. Similarly, a party needing an interpreter must arrange for the presence of a such an interpreter.

    j. In the event post-trial briefing is ordered, the parties will be required to give page citations to the transcript for any factual contentions (including, for example, citations to support proposed findings of fact). The Court warns the parties of this requirement so that they may make appropriate arrangements to order the transcript. At or prior to the commencement of trial, the parties may inquire of the Court whether the Court will require post-trial briefing.

    k. Post-judgment motions must be made within the time set by the applicable rules.

    A Final Pretrial Conference is scheduled for **Friday, January 6, 2023 at 10:30 A.M.** on the Court's conference line. The parties are directed to call: (646) 453-4442; Conference ID 541 096 996#, at the scheduled time.

    SO ORDERED.

DATED:    New York, New York
              October 4, 2022

                                            *Jennifer E. Willis*
                                            JENNIFER E. WILLIS
                                            United States Magistrate Judge